# EXHIBIT B

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN & FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

TOM SOFIANOPOLIS,  :  CASE NO.
                   :
    Plaintiff,   :
                   :
vs.                :
                   :
MILOS BY COSTAS SPILIADIS :
INC. and COSTAS SPILIADIS :
                   :
    Defendants.  :  COMPLAINT
_____/

    1.  Plaintiff brings this action against Defendants under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA") for retaliation. Count II is a claim by Plaintiff against Defendant MILOS BY COSTAS SPILIADIS, INC. (the "Restaurant") for owed wages and unpaid expenses. Count III is a claim by Plaintiff against Defendant COSTAS SPILIADIS (the "Owner") for battery. Plaintiff's claim for damages exceeds the sum of $15,000.00, exclusive of fees, costs and interest.

    2.  Plaintiff worked for Defendants in Miami Dade County, Florida in its restaurant called Estiatorio Milos By Costas Spiliadis in the position of Head of Operations. Plaintiff was a covered employee for purposes of the FLSA.

    3.  Defendants are, and at all times pertinent to this Complaint, were engaged in interstate commerce and its annual gross revenues exceed $500,000.00. Defendants were and are, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in

-1-

§§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Plaintiff was engaged in commerce for his work for Defendants.

4. The Owner was Plaintiff's "employer" based on his control over the terms and conditions of Plaintiff's pay and the FLSA violations alleged in this Complaint. Furthermore, the Owner is no stranger to FLSA litigation from his restaurant employees based on the claims brought against him in this Court and elsewhere.

5. This action is brought by Plaintiff to recover from Defendants lost wages for their retaliation against him, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §§ 206, 207 and 216(b).

6. Concurrent jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

7. By reason of his employment with Defendants, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff was directly essential to those interstate activities described herein which was directly essential to the business performed by Defendants. Plaintiff, by virtue of his job duties and functions as described above, was engaged in commerce.

8. All conditions precedent to bringing this action have occurred, have been satisfied, or have otherwise been waived.

COUNT I
VIOLATION OF 29 U.S.C. § 215(a)(3)
AGAINST DEFENDANTS

9.   Plaintiff readopts and realleges the allegations contained in ¶¶ 1-8 above.

10.   Just before Defendants fired Plaintiff in June 2012, Plaintiff complained to Defendants management and specifically the Owner that it was violating the FLSA in the manner that it was paying its Tipped Employees and that, like in the Owner's other restaurants, Defendants were going to get sued for such violations.

11.   Based on Plaintiff's complaint as provided at ¶24, Defendants retaliated against Plaintiff by firing him.

12.   Based on ¶¶ 10-11, Defendants violated 29 U.S.C. §215(a)(3) causing Plaintiff damages and Plaintiff is entitled to liquidated damages based on Defendants' reckless disregard of the provisions of the FLSA.

WHEREFORE, Plaintiff demand judgment against Defendants for their violation of 29 U.S.C. § 215(a)(3) for his damages, liquidated damages, reinstatement, reasonable attorney's fees and costs of suit, and for all other relief available under the FLSA.

## COUNT II
## CLAIM OF OWED WAGES & EXPENSES

13.    Plaintiff   readopts   and   realleges   all   allegations contained in ¶¶ 1-8 above.

14.    At the time of hire in November 2011, the Restaurant verbally agreed to pay and/or reimburse Plaintiff for his gas and mileage   usage,   clothing   expenses   and   commissions   for   private events.

15.    The Restaurant breached its agreement with Plaintiff by failing to pay Plaintiff the following:

a.    $2,580.00 in gas expenses;

b.    $6,000.00 in clothing expenses for the restaurant; and

c.    $600.00 in owed commissions for three events.

16.    Plaintiff  fully  performed  his  end  of  the  bargain  by providing  services  to  the  Restaurant  through  the  date  of  his termination.

WHEREFORE, Plaintiff demands judgment against the Restaurant for  damages,  interest,  reasonable  attorney's  fees  and  costs  of suit pursuant to §448.08, Fla. Stat., and for all proper relief as allowed by the Court.

## COUNT III - BATTERY

17.    Plaintiff realleges and reavers ¶¶ 1-8 as if fully set forth herein.

18.    On or near Plaintiff's last day of work, after Plaintiff complained to the Owner about Defendants' FLSA violations, the Owner actually and intentionally touched Plaintiff against his will, which touching was offensive.

19.    The Owner has a long history of being violent with his employees.

19.    As a direct, natural, foreseeable and proximate result of the actions of the Owner, Plaintiff suffered injuries and losses including mental pain and suffering and extreme emotional stress; physical injuries; loss of ability to lead a normal life; lost wages and benefits; medical expenses and other economic loss, all of which injuries and losses are continuing and permanent in nature.

WHEREFORE, Plaintiff prays that this court will enter a judgment for him against the Owner for damages, for the costs of this action, and will grant such other and further relief as is just.

<u>JURY DEMAND</u>

Plaintiffs demand a jury trial for all matters so triable as a matter of right for Counts I-III.

Respectfully submitted,

McGUINNESS & GONZALEZ, P.A.
Counsel for Plaintiff
1627 S.W. 37th Ave., Suite 100
Miami, Florida 33145
Ph. No. (305) 448-9557
Fax No. (305) 448-9559
ljmpalaw@netzero.com

s/ Lawrence J. McGuinness (814611)
E. ljmpalaw@netzero.com

## RETURN OF SERVICE

State of Florida                    County of Miami-Dade
                                                                    Circuit Court

Case Number: 13-4372-CA-20

Plaintiff:
TOM SOFIANOPOLIS,
vs.
Defendant:
MILOS BY COSTAS SPILIADIS INC., & COSTAS SPILIADIS,

For:
Lawrence McGuinness
MCGUINNESS & GONZALEZ, P.A.
1627 S.W. 37 Avenue
Suite 100
Miami, FL 33145

Received by Caplan, Caplan and Caplan on the 6th day of February, 2013 at 11:59 am to be served on MILOS BY COSTAS
SPILIADIS INC., & COSTAS SPILIADIS, CT CORPORATION SYSTEM, R/A, 1200 SOUTH PINE ISLAND ROAD,
PLANTATION, FL 33324.

I, Christopher Caplan, do hereby affirm that on the 7th day of February, 2013 at 11:48 am, I:

served a CORPORATION by delivering a true copy of the Summons (20 Days) and Complaint with the date and hour of
service endorsed thereon by me, to: CT CORPORATION SYSTEM as Registered Agent at the address of: 1200 SOUTH
PINE ISLAND ROAD, PLANTATION, FL 33324 on behalf of MILOS BY COSTAS SPILIADIS INC., & COSTAS SPILIADIS,
and informed said person of the contents therein, in compliance with Florida State Statute 48.091.

Additional Information pertaining to this Service:
BY SERVING DONNA MOCH AS EMPLOYEE OF THE REGISTERED AGENT

Under penalty of perjury, I declare that I have read the foregoing and that the facts stated in it are true, that I am a Sheriff
Appointed Process Server in the county in which this defendant/witness was served and have no interest in the above action.
Pursuant to FS 92.525(2), no notary is required.

Christopher Caplan
1331

Caplan, Caplan and Caplan
172 West Flagler St., #320
Miami, FL 33130
(305) 374-3426

Our Job Serial Number: CPN-2013005016

Service Fee: _____

2/29/13

It's Here to
Comp).

EM.

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

**Jones, Sharon D. (Miami)**

| | |
|---|---|
| **From:** | noreply@myflcourtaccess.com |
| **Sent:** | Monday, April 29, 2013 3:21 PM |
| **Subject:** | Processing Completed for Filing # 1657673 |

Dear Anisley Tarragona:

This email verifies the processing of your Filing # **1657673** with the Miami-Dade County, Florida Circuit Civil Division.

Status: **Accepted**

Filing Date/Time: 04/29/2013 12:39:18 PM

Case Number: 13004372CA01

Case Name: SOFIANOPOLIS, TOM vs MILOS BY COSTAS SPILIADIS INC

Documents

| # | Document Type | Status | Filing Date | Rejection Reason | Your Attachment |
|---|---|---|---|---|---|
| 1 | Motion Motion To Set Aside Default | Accepted | 04/29/2013 | | Milos - Sofianopolis Default.pdf |
| 2 | Notice Notice of Filing: | Accepted | 04/29/2013 | | Milos - Sofianopolis to Set Aside Default |

Fees

Memo:

This is a non-monitored email. Do not reply directly to it. If you have any questions about this filing, please contact the Miami-Dade County, Florida Circuit Civil Division.

Thank you.

*Please remember, rule 2.525, Rules of Judicial Administration, requires that any document filed electronically must be followed-up and filed with the Clerk as a paper document, with original signatures, during the first 90 days of eFiling.*

*Some counties have completed the 90-day paper document follow-up period and other counties have received exemption from this rule. Please verify with the filing county as to their current paper document follow-up requirements.*

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

TOM SOFIANOPOLIS,

GENERAL JURISDICTION DIVISION

   Plaintiff,

CASE NO. 13-4372 CA 20

vs.

MILOS BY COSTAS SPILIADIS
INC. and COSTAS SPILIADIS

   Defendants.

_____/

## DEFENDANTS' VERIFIED MOTION TO SET ASIDE DEFAULT

   Defendants, Milos by Costas Spiliadis, Inc. ("Milos") and Costas Spiliadis (collectively referred to as "Defendants"), by and through their undersigned counsel, hereby move this Court, pursuant to Rule 1.540(b) of the Florida Rules of Civil Procedure, for entry of an Order setting aside the Clerk's Default.

### PROCEDURAL HISTORY

   1.  Plaintiff filed the instant lawsuit on or about February 6, 2013 alleging two causes of action under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") for unpaid minimum and overtime wages, and a third cause of action for battery against Mr. Spiliadis.

   2.  On February 5, 2013, Plaintiff's counsel sent the undersigned a copy of the Complaint and inquired about an early mediation of the matter. In a response to that e-mail, the undersigned informed Plaintiff's counsel that she was not authorized at that time to accept service on behalf of Defendants. A true and correct copy of the e-mail exchanges between counsel is attached hereto as **Exhibit "A."**

CASE NO. 13-4372 CA 20

3.     Upon information and belief, Plaintiff never effected service of the Complaint on Defendants.

4.     Defendants only learned of the status of this matter on April 25, 2013 upon receiving through its registered agent, CT Corporation, a Notice of Hearing – Motion Calendar on Plaintiff's Motion for Final Default Judgment set for April 15, 2013 (a hearing which presumably took place 10 days prior to receipt of the Notice).

5.     Plaintiff's counsel was aware that the undersigned represents Defendants and never contacted the undersigned regarding Plaintiff's intent to seek a default or Plaintiff's Motion for Final Default Judgment.

6.     As a result of the above, Defendants did not file a response to the Complaint, nor were Defendants given an opportunity to attend the April 15 hearing and to oppose Plaintiff's Motion.

7.     On March 5, 2013, Plaintiff moved for default against Defendants.

8.     On March 5, 2013, the Clerk of Court entered a Clerk's Default.

9.     On March 28, 2013, Plaintiff filed a Motion for Final Judgment.

10.    Defendants became aware of the Clerk's Default on April 25, 2013.

11.    Counsel for Defendants made multiple attempts on April 26, 2013 to contact Plaintiff's counsel, Juliana Gonzalez, Esq. and was unsuccessful.

12.    Plaintiff's counsel has not responded to Defendants' counsel's e-mail.

13.    As demonstrated by counsel's immediate appearance and filing of this Motion on behalf of Defendants, Defendants' untimely response to the Complaint was not meant for the purposes of delay, but was caused by Plaintiff's failure to effect service of process on Defendants and/or excusable neglect.

CASE NO. 13-4372 CA 20

## ARGUMENT AND CITATION OF AUTHORITY

### THE COURT SHOULD SET ASIDE THE ENTRY OF DEFAULT BECAUSE DEFENDANTS HAVE ESTABLISHED EXCUSABLE NEGLECT, THE EXISTENCE OF MERITORIOUS DEFENSES, AND THAT THEY EXERCISED DUE DILIGENCE

It is widely understood in Florida that "default judgments are not favored by the courts, and a court's discretion should be liberally exercised and all reasonable doubt resolved in favor of granting applications for relief so as to permit a determination of the controversy upon the merits." McAlice v. Kirsch, 368 So. 2d 401 (Fla. 1979) (citing Imperial Indus., Inc. v. Moore Pipe & Sprinkler Co., 261 So. 2d 540 (Fla. 3rd DCA 1972)). The Florida Supreme Court has even held that Florida courts have a long standing policy of liberality towards vacating defaults. See N. Shore Hosp., Inc. v. Barber, 143 So. 2d 849, 853 (Fla. 1962).

It is also well established that defaults should not be entered against a party except in the most extreme of circumstances, where there is a deliberate and contumacious disregard of the court's authority, or a violation has been committed with willful disregard of, or gross indifference to, a court order. See United Servs. Auto. Ass'n v. Strasser, 492 So. 2d 399, 401 (Fla. 4th DCA 1986). In fact, Florida's Supreme Court has concluded that "the interests of justice are best served by a liberal policy of setting aside defaults." Appliance & Refrigeration Distrib., Inc. v. Fedders USA, Inc., 518 So. 2d 1384, 1387 (Fla. 3d DCA 1988) (citing N. Shore Hosp., 143 So. 2d at 849).

To set aside a default in Florida, a defendant must demonstrate three factors: (1) excusable neglect, (2) a meritorious defense; and (3) due diligence from the time of learning of default. See Venero v. Balbuena, 652 So. 2d 1271, 1272 (Fla. 3d DCA 1995). When a defendant demonstrates excusable neglect and a meritorious defense, Florida courts **liberally set aside defaults** for failure of the defendant to plead, so as to allow a determination of the

-3-

controversy on the merits.  Clark v. Roberto's, Inc., 320 So. 2d 870, 871 (Fla. 4th DCA 1975)
(emphasis added).  The Court, therefore, should set aside the Default as Defendants can establish
all three factors set forth by Venero.

1.    **There Was Excusable Neglect for Not Answering the Complaint**

In the instant case, Defendants did not become aware of Plaintiff's alleged service
of the Complaint until they received a copy of the Notice of Hearing on Plaintiff's Motion for
Final Judgment, which was set for April 15, but the Notice was not served upon Defendants until
April 22, 2013.  Although Plaintiff's counsel contacted the undersigned regarding this matter
when Plaintiff filed the Complaint, the undersigned explained Plaintiff's counsel that at that time
undersigned counsel was not authorized to accept service on behalf of Defendants.  **Despite
Plaintiff's counsel's knowledge about the undersigned's representation of Defendants in
other matters, Plaintiff's counsel never contacted the undersigned regarding the default or
Plaintiff's Motion for Final Judgment.**  Defendants did not file a responsive pleading to the
Complaint because they were not aware of it.  As such, this Court should find that there was
excusable neglect and set aside the default.  See Cheney v. Anchor Glass Container Corp., 71
F.3d 848, 850 (11th Cir. 1996) (miscommunication between associate attorney and lead attorney
led to delayed filing); see, e.g., Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So. 2d 83, 83-
84 (Fla. 3d DCA 1987) (finding excusable neglect when the suit papers were lost on the desk of
the corporate defendant's general counsel); Okeechobee Imports, Inc. v. American Savings and
Loan Association of Florida, 558 So. 2d 506 (Fla. 3d DCA 1990) (finding excusable neglect after
a complaint was forwarded to the defendant's business office, but filed in the wrong file resulting
in it being not timely delivered to outside counsel); Lindell Motors, Inc. v. Morgan, 727 So. 2d

1112, 113 (Fla. 2d DCA 1999) (finding excusable neglect when the late response was due to a "clerical error" in routing the complaint from corporate staff to outside counsel).

   2.    **Defendant Can Assert Meritorious Defenses**

          Where a clerk's entry of default is at issue, as is the case here, "a general denial is sufficient to demonstrate a meritorious defense." 205 Jacksonville, LLC v. A-Affordable Air, LLC, 16 So. 3d 974, 976 (3d DCA 2009).  Where a party files a verified motion to set aside a clerk's entry of default, and asserts a general denial of liability in its motion, it "is legally sufficient to support an order setting aside the clerk's default." Id.  As is reflected in the following discussion, Defendants have several meritorious defenses to Plaintiff's claims and generally deny that they are liable to Plaintiff in any regard.

          In his Complaint, Plaintiff alleges that he is entitled to unpaid wages and lost wages for Defendants' retaliation against him for allegedly complaining about improper wages. See Complaint ¶10.  Plaintiff further alleges that he is entitled to damages because on his last day of work at Milos, Mr. Spiliadis "actually and intentionally touched Plaintiff against his will, which touching was offensive." Id. at ¶18.  Defendants unequivocally deny the allegations in the Complaint and maintain that Plaintiff was properly compensated for all hours worked and Mr. Spiliadis unequivocally denies having touched Plaintiff offensively or in any manner.  Therefore, Defendants respectfully submit that a meritorious defense has been established.

   3.    **Defendants Responded Promptly After Receiving the Notice of Hearing on Plaintiff's Motion for Final Judgment**

          Less than 24 hours after Defendants received the Notice of Hearing on Plaintiff's Motion for Final Judgment, the undersigned attempted to contact Plaintiff's counsel to determine Plaintiff's position on this motion.  The undersigned called Plaintiff's counsel's office multiple times, but there was no answer.  Defendant's counsel then followed up with an e-mail to

CASE NO. 13-4372 CA 20

Plaintiff's counsel to ascertain her position regarding this Motion, but Plaintiff's counsel had not responded to that e-mail as of the time of the filing of this Motion.   A true and correct copy of the e-mail is attached hereto as **Exhibit "B."** Based on Defendants' prompt steps to remedy the Clerk's entry of Default, Defendants' due diligence cannot be disputed. See Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229, 237 (M.D. Fla. 1993) (14 days after notice was prompt and diligent response).

In addition, Defendants' delay in responding to the Complaint is in no way prejudicial to the Plaintiff.  Plaintiff will still have the ability to assert his claims, engage in discovery, and present his case to the fact-finder.  The setting aside of the default will not affect Plaintiff's ability to recover damages in this action, if he prevails.  Thus, the lack of prejudice to Plaintiff, the minimum delay, the lack of bad faith, and lack of impact on the proceeding require a finding of excusable neglect and a setting aside the entry of default.

## CONCLUSION

WHEREFORE, Defendants respectfully request this Honorable Court enter an Order: (i) granting this Motion; (ii) vacating the entry of default against Defendants and permitting Defendants to file an Answer to Plaintiff's Complaint; and (iii) granting such other and further relief as this Court deems just and proper.

CASE NO. 13-4372 CA 20

Dated:   April 29, 2013
       MIAMI, FL

Respectfully submitted,

JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131-2374
Telephone: 305-577-7600
Facsimile:  305-373-4466

By: s/Anisley Tarragona
Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
E-mail: *schwartj@jacksonlewis.com*
Anisley Tarragona, Esq.
Florida Bar No. 051626
E-mail: *Anisley.tarragona@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower
2 South Biscayne Boulevard - Suite 3500
Miami, Florida  33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
Attorneys for Defendants

CASE NO. 13-4372 CA 20

## VERIFICATION

Pursuant to Florida Statute §95.525 and under penalties of perjury, I George Spiliadis, Director of Operations with responsibility for Milos's defense of the claims asserted by Plaintiff in the Complaint, declare that I have read the foregoing Motion to Vacate Entry of Default and that the facts stated in it evidencing excusable neglect, Milos's asserted meritorious defenses to Plaintiff's allegations in his Complaint, and Milos and its counsel's due diligence in responding to the entry of default, are true and correct based upon my personal knowledge or to the best of my knowledge and belief.

Dated: April 26, 2013

By: _____
George Spiliadis

-8-

CASE NO. 13-4372 CA 20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court by using Florida Courts E-filing Portal and furnished via email to: Lawrence J. McGuiness, Esq. and Juliana Gonzalez, Esq., counsel for Plaintiff Tom Sofianopolis, c/o McGuiness & Gonzalez, P.A. 1627 S.W. 37th Ave. Suite 100, Miami, FL 33145 this 29th day of April, 2013.

By: ___s/Anisley Tarragona____
Anisley Tarragona, Esq.

# EXHIBIT A

**Tarragona, Anisley (Miami)**

| | |
|---|---|
| **From:** | Juliana Gonzalez <juliana@ljmpalaw.com> |
| **Sent:** | Friday, February 15, 2013 5:49 PM |
| **To:** | Tarragona, Anisley (Miami) |
| **Subject:** | RE: Sofianopolis v. Milos |
| **Categories:** | Green Category |

Hi Anisley,

No problem. Thanks for the reply.

Have a good weekend!

Juliana

Juliana Gonzalez, Esq.
McGuinness & Gonzalez, P.A.
1627 S.W. 37th Avenue, Suite 100
Miami, FL 33145
Tel. (305) 448-9557
Fax. (305) 448-9559
Email. juliana@ljmpalaw.com
Find us on the web at www.mcguinnessgonzalez.com Like us on Facebook at
https://www.facebook.com/McGuinnessGonzalezPa

This e-mail is intended for the recipient only. Do not distribute without notice in advance to the sender. The sender is an attorney, therefore the contents of this e-mail and any embedded communications and attachments may be privileged and confidential. If you are not the intended recipient, do not open any attachments, and please notify the sender promptly of any misdelivery.

From: Tarragona, Anisley (Miami) [Anisley.Tarragona@jacksonlewis.com]
Sent: Friday, February 15, 2013 5:20 PM
To: Juliana Gonzalez
Subject: RE: Sofianopolis v. Milos

Hi Juliana,

I apologize for not getting back to you sooner. I thought I had already replied to your e-mail. This claim presents is a completely separate issue so Milos will not agree to include Sofianopolis in the mediation on Tuesday. We are also not authorized to accept service on behalf of Milos so you will have to serve the Complaint on the company.

Thanks and hope you have a nice weekend!
Anisley

Anisley Tarragona, Esq.
Jackson Lewis LLP
One Biscayne Tower, Suite 3500
Two South Biscayne Blvd.
Miami, Florida 33131
305 577 7600 | Main

305.373.4466 l Fax
anisley.tarragona@jacksonlewis.com


-----Original Message-----
From: Juliana Gonzalez [mailto:juliana@ljmpalaw.com]
Sent: Tuesday, February 05, 2013 10:49 AM
To: Tarragona, Anisley (Miami)
Subject: Sofianopolis v. Milos

Good morning Anisley,

We just filed the attached complaint today and wanted to know whether you wanted to include this Plaintiff
in the negotiations of the other cases against Milos.  Please let me know.

Thanks,

Juliana


Juliana Gonzalez, Esq.
McGuinness & Gonzalez, P.A.
1627 S.W. 37th Avenue, Suite 100
Miami, FL 33145
Tel. (305) 448-9557
Fax. (305) 448-9559
Email. juliana@ljmpalaw.com
Find us on the web at www.mcguinnessgonzalez.com Like us on Facebook at
https://www.facebook.com/McGuinnessGonzalezPa

This e-mail is intended for the recipient only. Do not distribute without notice in advance to the sender. The
sender is an attorney, therefore the contents of this e-mail and any embedded communications and
attachments may be privileged and confidential. If you are not the intended recipient, do not open any
attachments, and please notify the sender promptly of any misdelivery.


Representing management exclusively in workplace law and related litigation

Confidentiality Note:  This e-mail, and any attachment to it, contains privileged and confidential information
intended only for the use of the individual(s) or entity named on the e-mail.  If the reader of this e-mail is not
the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you
are hereby notified that reading it is strictly prohibited.  If you have received this e-mail in error, please
immediately return it to the sender and delete it from your system.  Thank you.

# EXHIBIT B

**Tarragona, Anisley (Miami)**

| | |
|---|---|
| **From:** | Tarragona, Anisley (Miami) |
| **Sent:** | Friday, April 26, 2013 2:34 PM |
| **To:** | 'Juliana Gonzalez' |
| **Cc:** | Schwartz, Jennifer A. (Miami) |
| **Subject:** | RE: Sofianopolis v. Milos |
| **Importance:** | High |

Hi Juliana,

I've tried to call your office multiple times this afternoon but cannot get ahold of anyone. Our client has just informed us that they were served with a Notice of Hearing on your Motion for Final Judgment in this matter. The hearing was scheduled for April 15, but Milos was not served with the notice until April 22. Also, they were never served with the Complaint.

I was honestly very surprised to hear of these developments as I never heard from your office about the default and you know that Milos is our client. As I had indicated in my e-mail below from February 15th, we were not authorized to accept service on behalf of Milos for this case. We will be filing a motion to set aside the default today. Will you oppose such motion?

Please either respond to this e-mail as soon as possible or give me a call at the office.

Regards,
Anisley

Anisley Tarragona, Esq.
Jackson Lewis LLP
One Biscayne Tower, Suite 3500
Two South Biscayne Blvd.
Miami, Florida 33131
305.577.7600 l Main
305.373.4466 l Fax
anisley.tarragona@jacksonlewis.com

-----Original Message-----
From: Juliana Gonzalez [mailto:juliana@ljmpalaw.com]
Sent: Friday, February 15, 2013 5:49 PM
To: Tarragona, Anisley (Miami)
Subject: RE: Sofianopolis v. Milos

Hi Anisley,

No problem. Thanks for the reply.

Have a good weekend!

Juliana

Juliana Gonzalez, Esq.
McGuinness & Gonzalez, P. A

1627 S.W. 37th Avenue, Suite 100
Miami, FL 33145
Tel. (305) 448-9557
Fax. (305) 448-9559
Email. juliana@ljmpalaw.com
Find us on the web at www.mcguinnessgonzalez.com Like us on Facebook at
https://www.facebook.com/McGuinnessGonzalezPa

This e-mail is intended for the recipient only. Do not distribute without notice in advance to the sender. The sender is an attorney, therefore the contents of this e-mail and any embedded communications and attachments may be privileged and confidential. If you are not the intended recipient, do not open any attachments, and please notify the sender promptly of any misdelivery.

From: Tarragona, Anisley (Miami) [Anisley.Tarragona@jacksonlewis.com]
Sent: Friday, February 15, 2013 5:20 PM
To: Juliana Gonzalez
Subject: RE: Sofianopolis v. Milos

Hi Juliana,

I apologize for not getting back to you sooner. I thought I had already replied to your e-mail. This claim presents is a completely separate issue so Milos will not agree to include Sofianopolis in the mediation on Tuesday. We are also not authorized to accept service on behalf of Milos so you will have to serve the Complaint on the company.

Thanks and hope you have a nice weekend!
Anisley

Anisley Tarragona, Esq.
Jackson Lewis LLP
One Biscayne Tower, Suite 3500
Two South Biscayne Blvd.
Miami, Florida 33131
305.577.7600 l Main
305.373.4466 l Fax
anisley.tarragona@jacksonlewis.com


-----Original Message-----
From: Juliana Gonzalez [mailto:juliana@ljmpalaw.com]
Sent: Tuesday, February 05, 2013 10:49 AM
To: Tarragona, Anisley (Miami)
Subject: Sofianopolis v. Milos

Good morning Anisley,

We just filed the attached complaint today and wanted to know whether you wanted to include this Plaintiff in the negotiations of the other cases against Milos. Please let me know.

Thanks,

Juliana

McGuinness & Gonzalez, P.A.
1627 S.W. 37th Avenue, Suite 100
Miami, FL 33145
Tel. (305) 448-9557
Fax. (305) 448-9559
Email. juliana@ljmpalaw.com
Find us on the web at www.mcguinnessgonzalez.com Like us on Facebook at
https://www.facebook.com/McGuinnessGonzalezPa

This e-mail is intended for the recipient only. Do not distribute without notice in advance to the sender. The sender is an attorney, therefore the contents of this e-mail and any embedded communications and attachments may be privileged and confidential. If you are not the intended recipient, do not open any attachments, and please notify the sender promptly of any misdelivery.

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

TOM SOFIANOPOLIS,                          GENERAL JURISDICTION DIVISION

        Plaintiff,                          CASE NO. 13-4372 CA 20

vs.

MILOS BY COSTAS SPILIADIS
INC. and COSTAS SPILIADIS

        Defendants.

_____/

## ORDER GRANTING DEFENDANT'S VERIFIED MOTION TO SET ASIDE DEFAULT

        THIS CAUSE came before the Court Defendants' Verified Motion to Set Aside

Default, the Court having reviewed the Motion, and the pertinent portions of the record, and

being otherwise fully advised in the premises, it is:

        **ORDERED and ADJUDGED** that this matter is hereby GRANTED.

        **DONE AND ORDERED** in Chambers at, Miami-Dade County, Florida this

_____ day of _____ 2013.

                              _____
                                Honorable Ronald Dresnick
                                Circuit Court Judge

Copies furnished to all Counsel of Record:

Lawrence J. McGuiness, Esq.
Juliana Gonzalez, Esq.

4832-5619-3811, v. 1

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

TOM SOFIANOPOLIS,                           GENERAL JURISDICTION DIVISION

        Plaintiff,                        CASE NO. 13-4372 CA 20

vs.

MILOS BY COSTAS SPILIADIS
INC. and COSTAS SPILIADIS

        Defendants.

_____/

## NOTICE OF HEARING
### (Motion Calendar)

TO:    Lawrence J. McGuiness, Esq.
       Juliana Gonzalez, Esq.
       McGuiness & Gonzalez, P.A.
       1627 S.W. 37th Ave., Suite 100
       Miami, Florida  33145

        PLEASE TAKE NOTICE that the above-captioned cause will be called up for

hearing on: Defendant's Verified Motion to Set Aside Default.

| | |
|---|---|
| **BEFORE:** | Honorable Ronald Dresnick |
| **AT:** | Miami-Dade County Courthouse |
| | 73 West Flagler Street, 524 |
| | Miami, Florida 33130 |
| **DATE:** | May 8, 2013 |
| **TIME:** | 9:15 a.m. |

or as soon thereafter as it may be heard.

---

IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990, ANY PERSON (INCLUDING THE HEARING IMPAIRED) NEEDING SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING NEEDS TO CONTACT THE FOLLOWING PERSON NO LATER THAN SEVEN (7) DAYS PRIOR TO THE PROCEEDING: FOR COURT PROCEEDINGS, CONTACT THE COURT ADA COORDINATOR FOR ASSISTANCE 954-831-7721; IF HEARING IMPAIRED, TELEPHONE COURT TDD NUMBER 954-831-7017 (FLORIDA RELAY SERVICE NUMBER IS (800) 955-8771; AND FOR DEPOSITIONS, CONTACT THE UNDERSIGNED ATTORNEY(S) AT (305) 577-7600.

CASE NO. 13-4372 CA 20

Movant's counsel certifies that a bona fide effort to agree on or to narrow the issues raised by the noticed motions has been made with opposing counsel, and that the issues before the Court may be heard and resolved by the Court within five (5) minutes.

DATED:   April 29, 2013
         Miami, Florida

Respectfully submitted,

JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida 33131-2374
Telephone: 305-577-7600
Facsimile: 305-373-4466

By: _____
Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
E-mail: *schwartj@jacksonlewis.com*
Anisley Tarragona, Esq.
Florida Bar No. 051626
E-mail: *Anisley.tarragona@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower
2 South Biscayne Boulevard - Suite 3500
Miami, Florida  33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
Attorneys for Defendants

CASE NO. 13-4372 CA 20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court by using Florida Courts E-filing Portal and furnished via email to:  Lawrence J. McGuiness, Esq. and Juliana Gonzalez, Esq., counsel for Plaintiff Tom Sofianopolis, c/o McGuiness & Gonzalez, P.A. 1627 S.W. 37th Ave. Suite 100, Miami, FL 33145 this 29th day of April, 2013.

By: _____
Anisley Tarragona, Esq.

4810-3783-5283, v.  1

-3-

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

TOM SOFIANOPOLIS,                             GENERAL JURISDICTION DIVISION

      Plaintiff,                             CASE NO. 13-4372 CA 20

vs.

MILOS BY COSTAS SPILIADIS
INC. and COSTAS SPILIADIS

      Defendants.
_____ /

## RE-NOTICE OF HEARING
### (Motion Calendar)

**TO:**  Lawrence J. McGuiness, Esq.
Juliana Gonzalez, Esq.
McGuiness & Gonzalez, P.A.
1627 S.W. 37th Ave., Suite 100
Miami, Florida 33145

      PLEASE TAKE NOTICE that the above-captioned cause will be called up for

hearing on: Defendant's Verified Motion to Set Aside Default.

|            |                                   |
|------------|-----------------------------------|
| **BEFORE:** | Honorable Ronald Dresnick        |
| **AT:**     | Miami-Dade County Courthouse     |
|             | 73 West Flagler Street, 524      |
|             | Miami, Florida 33130             |
| **DATE:**   | May 29, 2013                     |
| **TIME:**   | 9:15 a.m.                        |

or as soon thereafter as it may be heard.

---

IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990, ANY PERSON (INCLUDING THE HEARING IMPAIRED) NEEDING SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING NEEDS TO CONTACT THE FOLLOWING PERSON NO LATER THAN SEVEN (7) DAYS PRIOR TO THE PROCEEDING:  FOR COURT PROCEEDINGS, CONTACT THE COURT ADA COORDINATOR FOR ASSISTANCE 954-831-7721;  IF HEARING IMPAIRED, TELEPHONE COURT TDD NUMBER 954-831-7017 (FLORIDA RELAY SERVICE NUMBER IS (800) 955-8771; AND FOR DEPOSITIONS, CONTACT THE UNDERSIGNED ATTORNEY(S) AT (305) 577-7600.

CASE NO. 13-4372 CA 20

Movant's counsel certifies that a bona fide effort to agree on or to narrow the issues raised by the noticed motions has been made with opposing counsel, and that the issues before the Court may be heard and resolved by the Court within five (5) minutes.

DATED:      May 9, 2013
            Miami, Florida

                            Respectfully submitted,

                            JACKSON LEWIS LLP
                            One Biscayne Tower, Suite 3500
                            2 South Biscayne Boulevard
                            Miami, Florida 33131-2374
                            Telephone: 305-577-7600
                            Facsimile:  305-373-4466

                            By: s/Anisley Tarragona
                            Jennifer A. Schwartz, Esq.
                            Florida Bar No. 502431
                            E-mail: *schwartj@jacksonlewis.com*
                            Anisley Tarragona, Esq.
                            Florida Bar No. 051626
                            E-mail: *Anisley.tarragona@jacksonlewis.com*
                            JACKSON LEWIS LLP
                            One Biscayne Tower
                            2 South Biscayne Boulevard - Suite 3500
                            Miami, Florida  33131
                            Telephone: (305) 577-7600
                            Facsimile: (305) 373-4466
                            Attorneys for Defendants

CASE NO. 13-4372 CA 20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court by using Florida Courts E-filing Portal and furnished via email to:  Lawrence J. McGuiness, Esq. and Juliana Gonzalez, Esq., counsel for Plaintiff Tom Sofianopolis, c/o McGuiness & Gonzalez, P.A. 1627 S.W. 37th Ave. Suite 100, Miami, FL 33145 this 9th day of May 2013.

By: s/Anisley Tarragona
Anisley Tarragona, Esq.

4838-3609-9091, v. 1

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

TOM SOFIANOPOLIS,                        GENERAL JURISDICTION DIVISION

        Plaintiff,                     CASE NO. 13-4372 CA 20

vs.

MILOS BY COSTAS SPILIADIS
INC. and COSTAS SPILIADIS

        Defendants.

_____/

## AGREED ORDER VACATING CLERK'S DEFAULT

**THIS CAUSE** came before the Court upon the agreement of the parties that the

Clerk's default entered in this action on March 5, 2013, be vacated, and the Court having been

fully advised in the premises, it is hereby:

        **ORDERED** that the Clerk's default entered in this action on March 5, 2013, is

hereby vacated and of no further effect.  Defendants are hereby instructed to Respond to

Plaintiff's Complaint within twenty (20) days from May 29, 2013.

        **DONE AND ORDERED** in Chambers at Miami, Miami-Dade County, Florida

on this _____ day of _____ 2013.

_____
Honorable Ronald Dresnick
Circuit Court Judge

**CONFORMED COPY**

MAY 2 9 2013

RONALD C. DRESNICK
CIRCUIT COURT JUDGE

Copies furnished to all Counsel of Record:

Lawrence J. McGuiness, Esq.
Juliana Gonzalez, Esq.