UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-21987-CIV-KING

TOM SOFIANOPOLIS,              )
                               )
          Plaintiff,           )
                               )
v.                             )
                               )
MILOS BY COSTAS SPILIADIS, INC. and )
COSTAS SPILIADIS,              )
                               )
          Defendants.          )
                               )
_____)

**DEFENDANTS' ANSWER AND STATEMENT OF AFFIRMATIVE DEFENSES TO COUNTS II AND III OF PLAINTIFF'S COMPLAINT**

Defendants, Milos By Costas Spiliadis ("Milos") and Costas Spiliadis (collectively referred to as "Defendants"), by and through their undersigned counsel, file their Answer and Statement of Affirmative Defenses to Counts II and III of Plaintiffs' Complaint and state as follows:[1]

1.      Defendants aver that Plaintiff has brought this action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), except deny that Defendants violated the FLSA.  Milos further avers that Plaintiff has brought a claim against it for alleged owed wages and unpaid expenses, except denies that such wages and expenses are owed.

---

[1] Defendants previously filed a Partial Answer and Statement of Affirmative Defenses while Defendants' Motion to Dismiss Counts II and III of the Complaint was pending with the Court.  See D.E. 3.

Finally, Spiliadis avers that Plaintiff has brought a claim against him for battery, except denies that any battery occurred.

2.  Defendants admit that the Plaintiff worked for Milos at its restaurant in Miami-Dade County, and neither admit nor deny the remaining allegations contained in Paragraph 2 of the Complaint as they call for a legal conclusion to which no response is required.

3.  Defendants admit that Milos' annual gross revenues exceeded $500,000, except Defendants neither admit nor deny the remaining allegations contained in Paragraph 3 of the Complaint as they call for a legal conclusion to which no response is required.

4.  Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.  Defendants aver that Plaintiff purports to bring this action to recover alleged lost wages, liquated damages, and attorney's fees under the FLSA, except deny that Plaintiff is entitled to any such relief since Defendant did not violate the FLSA or any other law.

6.  Defendants neither admit nor deny the allegations contained in Paragraph 6 of the Complaint as they call for a legal conclusion to which no response is required.

7.  Defendants deny that the work performed by Plaintiff was directly essential to any alleged interstate activities, and neither admit nor deny the remaining allegations contained in Paragraph 7 as they call for a legal conclusion to which no response is required.

8.  Defendants deny the allegations contained in Paragraph 8 of the Complaint.

### COUNT II
### CLAIM OF OWED WAGES & EXPENSES

13.  Defendants repeat and reassert their responses to Paragraphs 1 through 8 as though fully set forth herein.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint, including subparts a, b, and c.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief requested in the <u>ad damnum</u> clause following Paragraph 16 of the Complaint.

## COUNT III
## BATTERY

17. Defendants repeat and reassert their responses to Paragraphs 1 through 8 as though fully set forth herein.

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.[2]

Defendants deny that Plaintiff is entitled to any of the relief requested in the <u>ad damnum</u> clause following Paragraph 20 of the Complaint.

## JURY DEMAND

Defendants aver that Plaintiff has demanded a trial by jury on all issues so triable.

---

[2] Plaintiff has misnumbered Paragraph 20 of the Complaint as 19.

CASE NO.: 13-21987-CIV-KING

## STATEMENT OF AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint is barred, in whole or in part, because the acts and omissions complained of were made in good faith and Defendants had reasonable grounds for believing their acts or omissions were not violations of the FLSA.

### Second Affirmative Defense

Any amounts due to the Plaintiff should be set off by payments received by Plaintiff from Defendant Milos.

### Third Affirmative Defense

Plaintiffs' claims under the FLSA are barred on the grounds that, pursuant to 29 U.S.C. §§ 258(a) and 259(a), the acts or omissions complained of in this case were in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals or other interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

### Fourth Affirmative Defense

Plaintiff's claims for liquidated damages should be denied, in whole or in part, because in the event violations of the FLSA did occur, which they did not, Defendants' actions were neither willful nor reckless, but were taken in good faith, and were based on reasonable grounds for believing the actions were not violations of the FLSA.

### Fifth Affirmative Defense

Any actions undertaken by Defendants with regard to Plaintiff were taken for legitimate, non-retaliatory business reasons because of Plaintiff's poor job performance.

**Sixth Affirmative Defense**

Defendants have made good-faith efforts to prevent retaliation in their workplace by implementing policies against retaliation and mechanisms through which employees can report unlawful retaliation, and thus, cannot be liable for the decisions of their agents to the extent the challenged employment decision was contrary to their efforts to comply with anti-retaliation statutes.

**Seventh Affirmative Defense**

Plaintiff's claims are barred to the extent discovery shows he engaged in misconduct prior to, during, or concurrent with his employment that otherwise would have resulted in his discharge if such conduct were then known to Defendants.

**Eighth Affirmative Defense**

Plaintiff's breach of contract claim is barred based on Plaintiff's first material breach of the contract.

**Ninth Affirmative Defense**

Plaintiff's breach of contract claim is barred based on accord and satisfaction because all payments due and owing to Plaintiff were made.

**Tenth Affirmative Defense**

Plaintiff's breach of contract claim is barred by the statute of frauds (Fla. Stat. §725.01) which precludes actions to enforce a verbal contract for service which cannot be performed within the space of one year since the contract at issue contemplated that Plaintiff would work for Defendant Milos for more than one year, and the contract is not in writing.

CASE NO.: 13-21987-CIV-KING

### Eleventh Affirmative Defense

Plaintiff's breach of contract claim is barred, in whole or in part, because the terms of the alleged agreement upon which Plaintiff has brought this lawsuit are indefinite and the essential terms regarding when commissions are earned were not agreed upon.

### Twelfth Affirmative Defense

Plaintiff's breach of contract claim is barred, in whole or in part, based on lack of mutuality of obligation and on the grounds that the alleged promises at issue are otherwise illusory.

### Thirteenth Affirmative Defense

Plaintiff's breach of contract claim is barred, in whole or in part, by the doctrine of estoppel, waiver, and laches.

Defendants reserve the right to amend and/or raise additional affirmative defenses or counterclaims which may become available during the course of discovery.

**WHEREFORE**, Defendants respectfully pray that the Court:

(a) dismiss with prejudice Plaintiff's Complaint in its entirety;

(b) award Defendants their costs, disbursements, and attorneys' fees; and

(c) award Defendants such other and further relief as this Court may deem appropriate.

CASE NO.: 13-21987-CIV-KING

July 3, 2013
Miami, Florida

      Respectfully submitted,

      By:  /s/ Jennifer A. Schwartz, Esq.
      Jennifer A. Schwartz, Esq.
      Florida Bar No. 502431
      E-mail:  jennifer.schwartz@jacksonlewis.com
      Anisley Tarragona, Esq.
      Florida Bar No. 051626
      E-mail:  anisley.tarragona@jacksonlewis.com
      JACKSON LEWIS LLP
      One Biscayne Tower, Suite 3500
      2 South Biscayne Blvd.
      Miami, Florida 33131
      Telephone: (305) 577-7600
      Facsimile:  (305) 373-4466
      Counsel for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 3, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

      /s/ Anisley Tarragona, Esq.
      Anisley Tarragona, Esq.

CASE NO.: 13-21987-CIV-KING

-8-

## SERVICE LIST

*Tom Sofianopolis v. Milos By Costas Spiliadis, Inc., et al.*
**Case No. 1:13-cv21987-JLK**

Lawrence J. McGuinness, Esq.
Florida Bar No. 814611
E-mail: *ljmpalaw@comcast.net*
MCGUINNESS & GONZALEZ, P.A.
1627 S.W. 37th Avenue, Suite 100
Miami, Florida 33145
Telephone: (305) 448-9557
Facsimile: (305) 448-9559
Counsel for Plaintiff

Jennifer A. Schwartz, Esq.
Florida Bar No. 502431
E-mail: *jennifer.schwartz@jacksonlewis.com*
Anisley Tarragona, Esq.
Florida Bar No. 051626
E-mail: *anisley.tarragona@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 577-7600
Facsimile: (305) 373-4466
Counsel for Defendants

4812-5258-6772, v. 1